IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

CERTUSBANK, N.A., as successor  *
by assignment to FIRST GEORGIA
BANKING COMPANY,                *

    Plaintiff,                  *
                                   CASE NO. 3:12-cv-47 (CDL)
vs.                             *

LAH, LLC, MARTIN J. MULLIGAN, *
and LINDA D. CHAMBERLIN,
                          *
    Defendants.
                          *

O R D E R

In 2011, Defendants executed a Commercial Promissory Note ("Note") in the principal amount of $3,176,280.00, and Defendants Martin Mulligan ("Mulligan") and Linda Chamberlin ("Chamberlin") executed personal guaranties for repayment of the Note. When the Note matured, Defendants defaulted under the terms of the Note and the guaranties.

After assignment of the Note to Plaintiff CertusBank, N.A. ("CertusBank"), CertusBank demanded payment. Defendants refused to pay, requiring the filing of this action by CertusBank. Defendants do not contest that they are in default on the Note, but they maintain that CertusBank has not presented sufficient proof that the Note was assigned to it. They also maintain that

a jury must determine the amount owed.[1]   The present record clearly establishes that the Note was assigned to CertusBank, that Defendants are in default, and that the amount due is not seriously in dispute.   Accordingly, the Court grants CertusBank's Motion for Summary Judgment (ECF No. 22).

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable *inferences* in the opposing party's favor.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).   A fact is *material* if it is relevant or necessary to the outcome of the suit.   *Id.* at 248.   A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.   *Id.*

## FACTUAL BACKGROUND

On January 14, 2011, Defendants LAH, LLC, Martin Mulligan, and Linda Chamberlin (collectively "Defendants") executed a

---

[1] Similar arguments were rejected by the Court in a related action. *See Certusbank, N.A. v. MLJJ Properties, LLC, et al.* (August 5, 2013 Order).   Since the facts and legal issues in that action are identical to those presented here (except for the amount owed), the Court simply replicates that order here with revisions regarding the amount owed.

promissory note in favor of First Georgia Banking Company in the original principal amount of $3,176,280.00.  Compl. Ex. A, Note, ECF No. 1-1; Pl.'s Mot. for Summ. J. Ex. A, Crawford Aff. ¶ 6, ECF No. 22-1; Mulligan Dep. 9:13-10:8, 13:24-14:2, ECF No. 24; Chamberlin Dep. 7:15-8:6, ECF No. 25.  On that same date, Mulligan executed a personal guaranty for repayment of all sums due under the Note.  Compl. Ex. B, Mulligan Guaranty, ECF. No. 1-2.  Chamberlin also executed a personal guaranty on that same date.  Compl. Ex. C, Chamberlin Guaranty, ECF No. 1-3.[2]  The Note matured on March 15, 2011.  Note 1.

The Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver for First Georgia Banking Company after the bank failed on May 20, 2011.  As part of the receivership, the FDIC negotiated with CertusBank to take over outstanding loans of First Georgia Banking Company.  The FDIC executed an Assignment of Loan Documents ("Assignment") on November 7, 2011, assigning all of its rights, title, and interest in the failed bank's loan documents to CertusBank.  Crawford Aff. App'x 3, Assignment, ECF No. 22-4.  The Note and Guaranties were included in this Assignment as evidenced by the affidavit of Tom Crawford, CertusBank's Senior Vice President, and the recorded Assignment.  Assignment 1-2; Crawford Aff. ¶ 12.  Defendants

---

[2] Hereinafter, the Court will refer to the Mulligan Guaranty and the Chamberlin Guaranty collectively as "the Guaranties."

contend that their loan and Guaranties were never properly assigned to CertusBank because another employee of CertusBank, Paul Sparks, allegedly without any legal authority to do so, signed the Assignment as Receiver for the FDIC and on behalf of Assignee CertusBank.

It is undisputed that CertusBank sent notice of non-payment and demand for payment in full under the loan documents to the Defendants on October 17, 2011. Compl. Ex. D, Letter from M. Wing to Defendants (Oct. 17, 2011), ECF No. 1-4. This notice included notice pursuant to O.C.G.A. § 13-1-11 that the bank would enforce the portions of the Note providing for payment of reasonable attorneys' fees if Defendants did not pay the amount due under the Note within ten days of receiving the notice. *Id.* at 2.

It is also undisputed that Defendants have not paid the amounts due under the Note. Defs.' Statement of Material Facts ¶ 12, ECF No. 30. Furthermore, the present record establishes that as of March 21, 2013, Defendants owed $3,176,280.00 in principal, $438,725.67 in interest, and $2,500.00 in late charges. Crawford Aff. App'x 2, Loan Payoff Statement (Mar. 21, 2013), ECF No. 22-3. It is also clear from the loan documents that interest continues to accrue at a per diem rate of $573.50. *Id.*; Crawford Aff. ¶ 17. Finally, under the terms of the Note, Defendants are responsible for costs of collection, including

4

reasonable attorneys' fees, in the amount of $361,525.56 as of March 21, 2013.  Crawford Aff. ¶ 20.

                              DISCUSSION

     Defendants admit that they signed the Note and guaranties and that they are in default.  They argue, however, that a jury must decide (1) whether the Note and Guaranties were properly assigned to CertusBank and (2) the amount Defendants owe under the Note.

     Defendants argue that Paul Sparks signed the Assignment on behalf of the FDIC and that he did not have authority to do so.  But, Defendants point to nothing in the record to support this contention.  The record establishes that under a limited power of attorney Paul Sparks was authorized to act on behalf of the FDIC for the purpose of executing the Assignment.  Pl.'s Reply in Supp. of Mot. for Summ. J. Ex. A, Limited Power of Att'y, ECF No. 34-1 at 2.  Defendants' argument to the contrary is meritless.  No genuine factual dispute exists on this issue.  The Note and Guaranties were properly assigned to CertusBank.  *See 685 Penn, LLC v. Stabilis Fund I, L.P.*, 316 Ga. App. 210, 211-12, 728 S.E.2d 840, 842-43 (2012); *Salahat v. FDIC*, 298 Ga. App. 624, 628, 680 S.E.2d 638, 642 (2009).

     Under Georgia law, "[w]hen signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."

                                   5

*Burks v. Cmty. Nat'l Bank*, 216 Ga. App. 155, 156, 454 S.E.2d 144, 145 (1995) (internal quotation marks omitted); *see also Caves v. Columbus Bank & Trust Co.*, 264 Ga. App. 107, 107-08, 589 S.E.2d 670, 671 (2003) (stating the same standard in an action on a guaranty).   Defendants have no meritorious defense. They admit that they signed the Note and Guaranties and that they are in default.   Therefore, the holder of the Note and Guaranties, which is CertusBank, is entitled to recover on the Note and Guaranties.   Defendants are liable, as a matter of law, for the amounts due.

Defendants' final "Hail Mary" is that the amount owed under the Note and Guaranties has not been established.   This argument is as specious as Defendants' contention that CertusBank is not the holder of the Note.   To establish the amount due, CertusBank relies on the Note, the loan history, and a loan payoff statement.   Note; Crawford Aff. App'x 1, Loan History, ECF No. 22-2; Loan Payoff Statement.   Defendants respond that the documents that CertusBank relies on constitute inadmissible hearsay and cannot be considered.   The Court finds that these records are business records and may be considered under Federal Rule of Evidence 803(6).   Federal Rule of Evidence 803(6) provides as follows:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness . . . (6) Records of a

Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:

(A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

The Court finds under the circumstances presented here that "when business records pass from a predecessor entity to a successor entity under a merger or receivership, the successor entity is able to authenticate the business records of its predecessor." *Phillips v. Morg. Elec. Registration Sys., Inc.*, No. 5:09-cv-2507-TMP, 2013 WL 1498956, at *2 (N.D. Ala. Apr. 5, 2013); *see also id.* at *2-3 (citing *United States v. Parker*, 749 F.2d 628, 633 (11th Cir. 1984), and other cases addressing this evidentiary issue and reaching the same conclusion). The Court finds that there is sufficient evidence that these records are trustworthy and admissible for the purpose of establishing the amount due under the Note. *See Parker*, 749 F.2d at 633. Crawford's affidavit adequately authenticates the records and

shows they are records maintained in the ordinary course of business. Crawford Aff. ¶¶ 2, 4-5, 23-24; *see also* Fed. R. Evid. 803(6).

Defendants do not otherwise dispute the amount due under the Note and Guaranties. Moreover, they present no legitimate argument as to why they are not liable to CertusBank for its collection costs. Therefore, CertusBank is entitled to summary judgment. *See Hovendick v. Presidential Fin. Corp.*, 230 Ga. App. 502, 505, 497 S.E.2d 269, 272-73 (1998) ("Once [the note holder] introduced the Note and established a prima facie right to judgment on the Note, the burden shifted to [the defendants] to produce evidence showing a different amount owed and thereby creating a jury issue . . . because [the defendants] introduced no evidence showing that the amount claimed by [the note holder] is incorrect and no evidence as to any other amount, there is no [jury issue.]") (citations omitted).

The present record establishes as a matter of law that Defendants are individually and jointly liable to CertusBank as follows. As of March 21, 2013, Defendants owed $3,176,280.00 in principal, $438,725.67 in interest, and $2,500.00 in late fees. Crawford Aff. ¶ 17; Loan Payoff Statement. Additionally, interest continues to accrue at a per diem rate of $573.50 until the Note is paid in full. Crawford Aff. ¶ 17; Loan Payoff Statement; Note 1. Per diem interest at the rate of $573.50

from March 21, 2013 to the date of this Order, August 5, 2013, amounts to $79,143.00.   Therefore, Defendants are jointly and individually liable to CertusBank for the principal, interest, and fees on the Note in the amount of $3,696,648.67.

CertusBank is also entitled to its collection costs, including attorneys' fees, pursuant to O.C.G.A. § 13-1-11 (2010).[3]  Section 13-1-11(a)(2) provides:

> If such note or other evidence of indebtedness provides for the payment of reasonable attorney's fees without specifying any specific percent, such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00[.]

The Note allows for the recovery of "reasonable attorneys' fees" and caps the amount at 15 percent of the principal and interest owed.   Note 2.   Since a percent is not specified, the Court finds that CertusBank is entitled to 15 percent of the first $500.00 owed (which is $75.00) plus 10 percent of the remaining amount owed (which is $369,364.86) for a total award of attorneys' fees of $369,439.86.[4]

---

[3] The current version of O.C.G.A. § 13-1-11 applies to contracts entered into on or after July 1, 2011.  2012 Georgia Laws Act 725 (S.B. 181).  Because the Note and Guaranties were executed prior to July 1, 2011, the former version of the statute applies in this case.

[4] This calculation takes into consideration the per diem interest accrued from March 21, 2013 to the date of this Order.

CONCLUSION

CertusBank's Motion for Summary Judgment (ECF No. 21) is granted.  The Clerk shall enter judgment in favor of CertusBank, N.A. and against Defendants, jointly and individually, in the amount of $4,066,088.54.


IT IS SO ORDERED, this 5th day of August, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE